PEOPLE ex rel. CENTRAL PARK, N. & E. R. R. Co. v. COMMISSIONERS OF TAXES AND ASSESSMENTS.

(*Supreme Court, General Term, First Department.* January 28, 1889.)

Appeal from special term, New York county.

*Certiorari* to the commissioners of taxes and assessments of the city of New York, issued on relation of the Central Park, North & East River Railroad Company, to review an assessment. Assessment confirmed, and writ dismissed, and relator appeals.

Argued before DANIELS and BARTLETT, JJ.

*De Los McCurdy* and *B. W. Franklin,* for appellant. *George S. Coleman,* for respondents.

DANIELS, J. The writ of *certiorari* was issued in this proceeding to review the assessment made of the relator's capital stock for the year 1885. In this assessment the assessable liability of the company was advanced to the sum of $1,461,518. This balance was obtained by taking the stock at its par value, and deducting from the amount the real estate, tracks, and stock of other corporations. The difference seems to have been made, increasing the amount from the assessment of 1884, by diminishing the assessments upon the real estate and tracks of the company, and deducting the reduced amounts from the capital. Further evidence was submitted to the commissioners, consisting of an inventory of the property of the company, and an affidavit of its treasurer stating its expenditures, and giving his judgment of the financial situation of the company. By his affidavit it appeared that the funded debt of the company consisted of bonds secured by a mortgage upon its property and franchises amounting to the sum of $1,200,000; and these statements were considered by the commissioners, together with the other evidence already referred to, which they had before them, leading them to the adoption and adjustment of this balance as the amount for which the capital stock of the company could be legally and properly assessed for taxation. The reasons already given in the other cases (*ante,* 41 *et seq.*) appear to justify this action of the commissioners. In addition to that, they have mentioned the further fact that, according to the Commercial and Financial Chronicle, a journal devoted to financial affairs, and containing quotations of the prices of stocks, the stock of the relator in the journal of January 3, 1885, was quoted at 140 bid, 142 asked; and in the same journal, published on the 10th of the same month, the amount bid was given as 141½, and asked 144½. They certainly, therefore, were still justified in holding the stock at least at its par value; and, as they made all the deductions which the law required should be made, the order should be affirmed, with same direction as to costs.

BARTLETT, J., concurs.